IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INTEGRATED SPORTS MEDIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv0839 (CMH/JFA) |
| ) | |
| BURUCA BROTHER'S ) | |
| VIRGINIA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). In this action, Integrated Sports Media, Inc. seeks a default judgment against defendant Buruca Brother's Virginia, Inc. (doing business as El Paraiso).[1] Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

Plaintiff Integrated Sports Media, Inc. ("plaintiff") filed the complaint in this action on August 9, 2011. (Docket no. 1) ("Compl."). Plaintiff alleges that on August 12, 2009 defendant intercepted and displayed to its customers plaintiff's closed-circuit telecast of CONCACAF World Cup Qualifier Tournament: Trinidad & Tobago v. El Salvador World Cup Qualifier Game ("the event"), without authorization. Plaintiff now seeks a default judgment against defendant Buruca Brother's Virginia, Inc. (doing business as El Paraiso) ("defendant") for violations of 47 U.S.C. §§ 553 and 605.

---

[1] Plaintiff named a John Doe defendant in the complaint but does not seek a default judgment against this defendant.

A summons was issued for the defendant on August 10, 2011. (Docket no. 3). The summons and complaint were served on the registered agent for the defendant on August 19, 2011. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due on September 9, 2011, 21 days after the summons and complaint were served on the defendant's registered agent. Defendant failed to file a responsive pleading in a timely manner.

On October 13, 2011, plaintiff filed its request for entry of a default. (Docket no. 6). The Clerk entered a default against the defendant pursuant to Fed. R. Civ. P. 55(a) on October 14, 2011. (Docket no. 7). On October 14, 2011, plaintiff filed a motion for default judgment setting a hearing for October 28, 2011 at 10:00 a.m. (Docket nos. 8, 10). The motion for default judgment was supported with a memorandum (Docket no. 9) and an affidavit from Doug Jacobs (Docket no. 11-2) ("Jacobs Affid."); a declaration of M. Scott Bucci (Docket no. 11-1) ("Bucci Decl."), and an Affidavit from John TerBush (Docket no. 12) ("TerBush Affid."). Plaintiff certified that the motion for default judgment, memorandum in support with attachments, notice of hearing date, and supporting affidavits and declaration were mailed to defendant's registered agent. (Docket nos. 8-12).

On October 28, 2011, counsel for the plaintiff appeared at the hearing on the motion for default judgment before the undersigned and no one appeared on behalf of the defendant. (Docket no. 13).

### Factual Background

The following facts are established by the complaint (Docket no. 1), the memorandum in support of plaintiff's motion for default judgment (Docket no. 9), and the supporting affidavits (Docket nos. 11-2 and 12) and declaration (Docket no. 11-1).

2

Plaintiff Integrated Sports Media, Inc. is a corporation organized and existing under the laws of, and having a principal place of business in, the state of New Jersey. (Compl. ¶ 4). Defendant Buruca Brother's Virginia, Inc. (doing business as El Paraiso) has its principal place of business at 516 A & B South Van Dorn Street, Alexandria, Virginia. (Compl. ¶ 5). The registered agent for the defendant is Richard M. Alvey, an attorney located in Woodbridge, Virginia. (Docket no. 4).

Plaintiff entered into a closed-circuit television license agreement to exhibit the telecast of the August 12, 2009 CONCACAF World Cup Qualifier Tournament: Trinidad & Tobago v. El Salvador World Cup Qualifier Game ("the event") at certain closed-circuit locations throughout Virginia. (Compl. ¶ 6). Plaintiff paid substantial fees for this license, which it entered into for the purpose of distributing the event for commercial gain. (Compl. ¶ 7). Through its agents, plaintiff contracted with various establishments throughout Virginia to broadcast the event in exchange for a fee; no commercial establishment was permitted to exhibit the closed-circuit broadcast without contractual authorization. (Compl. ¶¶ 8, 9). The event was transmitted in an electronically coded format, requiring electronic decoding equipment and/or satellite coordinates to receive the signal and broadcast the event, which were provided by plaintiff to the authorized establishments. (Compl. ¶¶ 10, 12). Defendant did not contract with plaintiff or any of its agents to broadcast the event in the El Paraiso Restaurant. (Compl. ¶ 11). The coded broadcast could not be accessed inadvertently or innocently. (Jacobs Affid. ¶ 9).

Plaintiff has retained auditors and law enforcement personnel as part of plaintiff's campaign to identify signal pirates and pursue litigation against commercial establishments found to be pirating plaintiff's programming. (Jacobs Affid. ¶¶ 4-6). Plaintiff provided a list of customers who were authorized to broadcast the event to the participating auditing and law

3

enforcement agencies. (Jacobs Affid. ¶ 6). On August 12, 2009, plaintiff's investigator John TerBush observed an unauthorized broadcast of the event at defendant's restaurant. (Jacobs Affid. ¶ 7, TerBush Affid.). The TerBush affidavit establishes that on August 12, 2009, the El Paraiso Restaurant had a capacity of approximately 60 people and had two televisions on display. (TerBush Affid.). There were between 9 and 15 patrons in the restaurant during the approximately 35 minutes of the event observed by plaintiff's investigator on August 12, 2009. (TerBush Affid.).

Plaintiff alleges that defendant willfully intercepted and received, or assisted in receiving, the interstate communication of the event which defendant then transmitted, divulged and published, or assisted in transmitting, divulging and publishing, to patrons in the El Paraiso Restaurant. (Compl. ¶ 13). Plaintiff claims that defendant enabled the patrons of the El Paraiso Restaurant to view the licensed exhibition of the event without authorization or payment, infringing on plaintiff's exclusive rights. (Compl. ¶¶ 14-15).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp.2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged

state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiff alleges that this suit is brought under the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 because it arises under Section 705 of the Communications Act of 1934 as amended, 47 U.S.C. §§ 553 and 605. (Compl. ¶¶ 1, 2). Defendant is alleged to do business in Virginia as El Paraiso Restaurant and it is alleged that the unauthorized interception and display of the event occurred in Virginia. Plaintiffs allege that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district. (Compl. ¶ 3).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## Service of Process

Under Federal Rule of Civil Procedure 4(h) a corporation must be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(h), 4(e)(1). In Virginia, a corporation may be served by "personal service on any officer, director, or registered agent" or, if the registered agent cannot be found with reasonable diligence at the registered office, then by serving the clerk of the State Corporation Commission. Va. Code §§ 8.01-299, 13.1-637.

5

The summons and complaint were served on the registered agent for the defendant by a private process server on August 19, 2011. (Docket no. 4). Given that the defendant's registered agent was served with the summons and complaint by personal service, the undersigned recommends a finding that the defendant was served properly.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), the defendant was required to file a responsive pleading by September 9, 2011, 21 days after the summons and complaint were served on the defendant's registered agent. Defendant has not answered or otherwise responded to the complaint. On October 13, 2011, after the deadline for defendant's response to plaintiff's complaint, the plaintiff requested the entry of a default against the defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 6). The Clerk of the court entered a default against the defendant on October 14, 2011. (Docket no. 7). For the reasons stated above, the undersigned magistrate judge recommends a finding that the defendant failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to the defendant.

## Liability

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). Plaintiff seeks judgment in favor of the plaintiff and against the defendant finding that defendant intercepted and displayed plaintiff's communication of the event in violation of Section 705 of the Communications Act of 1934 as amended, 47 U.S.C. §§ 553 and 605.

The complaint sets forth a claim for unauthorized reception of cable service under 47 U.S.C. § 553(a)(1). Plaintiff is suing as a "person aggrieved" by a violation of Section 553 which provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. §§ 553(a)(1), 553(c)(1).

The complaint also sets forth a claim for unauthorized publication or use of radio and satellite communications under 47 U.S.C. § 605(a). Plaintiff is suing as a "person aggrieved" by a violation of Section 605 which specifically defines a "person aggrieved" as "any person with proprietary rights in the intercepted communication." Section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents...of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate . . . communication by radio and use such communication...for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). When programming is transmitted or intercepted over both cable and satellite mediums, both Sections 553 and 605 apply. *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 130-33 (2nd Cir. 1996) (noting that Section 553 "applies to any transmissions via cable, whether or not they originate as radio transmissions" and Section 605 applies to "the interception of cable-borne, as well as over-the-air" broadcasts).

Plaintiff's well-pled complaint establishes that defendant intercepted and/or received, without authorization, the interstate communication of plaintiff's event and then divulged such communication to patrons of the El Paraiso Restaurant. (Compl. ¶¶ 13, 15, 17). Plaintiff has also established that the closed-circuit broadcast cannot be intercepted innocently or accidentally.

7

(Jacobs Affid. ¶ 9). Given that the factual allegations alleged in the complaint are deemed admitted by virtue of defendant's default, the undersigned recommends a finding that plaintiff has established claims for the unauthorized reception of cable and satellite service against the defendant.

### Relief Sought

Plaintiff seeks an award of statutory damages, attorneys' fees, and costs against the defendant. In support of the claim for damages, plaintiff submitted the Jacobs Affidavit (Docket no. 11-2) and the Bucci Declaration (Docket no. 11-1). Although plaintiff has set forth the elements of liability under both Sections 553 and 605, courts have held that recovery under both sections is improper. *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F.Supp.2d 1179, 1184 (D. Co. 2008), *Time Warner Cable of New York City v. Sanchez*, 2003 WL 21744089, *3 (S.D. N.Y. July 8, 2003). Plaintiff's motion for default judgment does not seek a double recovery, but it does not make clear under which section plaintiff seeks statutory damages. (Docket no. 9 at 4). The undersigned will evaluate plaintiff's claim for statutory damages under Section 605 as it provides for a higher potential damage award. *See Sykes*, 75 F.3d at 127.

As a "person aggrieved" by a violation of Section 605, plaintiff may be granted injunctive relief and/or damages, and must be granted reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(i)-(iii). The court may award either actual damages suffered as a result of a violation of Section 605, as well as any profits attributable to the violation, or statutory damages of not less than $1,000.00 and not more than $10,000.00. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II).

Plaintiff's complaint sought statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), additional damages for willfulness in the amount of $100,000.00

8

pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and full costs and expenses, including reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). In moving for a default judgment, plaintiff seeks statutory damages in the amount of $10,000.00, additional damages for willfulness at the court's discretion, and attorneys' fees and costs in the amount of $3,219.12. (Docket no. 11-1 ¶13).

### Statutory Damages

Courts have employed two general approaches to calculating statutory damages: basing the damages calculation on the number of patrons in an establishment during the unauthorized broadcast or utilizing a flat damage amount. *See Joe Hand Promotions, Inc. v. Bougie, Inc.*, 2010 WL 1790973, *5 (E.D. Va. Apr. 12, 2010) (multiplying the number of customers present by a reasonable rate of $100.00 per customer), *Joe Hand Promotions, Inc. v. Jimmagan's Inlet, Inc.*, 2010 WL 5141768 (D. S.C. Oct. 1, 2010) (awarding five times the license fee for the program), *Gutierrez*, 544 F.Supp.2d at 1184 (awarding a flat amount of $5,000.00). The undersigned finds that the calculation of a flat damage amount is appropriate in this case.

Plaintiff alleges that the actual damages incurred when defendant stole and re-transmitted the event were at least $750.00, based on the size and maximum patronage of the restaurant, but that the court should award statutory damages in an amount in excess of the license fee in order to deter further piracy. The sub-license fees plaintiff charges to commercial establishments legally purchasing broadcast rights varies based on the capacity of the establishment and the event being licensed. (Jacobs Affid. ¶ 8). Exhibit 2 to the Jacobs Affidavit shows a price of $750.00 for establishments with an occupancy capacity between 1-50 persons. (Docket no. 11-2). Plaintiff has demonstrated that defendant's restaurant has a capacity of approximately 60

persons (divided into two rooms with 30 in each), but that only 9-15 patrons were in the restaurant during the unauthorized broadcast of plaintiff's event. (TerBush Affid.).

Because plaintiff's sub-licensing fee is based on the capacity of the venue, an award per customer would not be appropriate in this instance and would not deter future unlawful conduct. Furthermore, an award of actual damages is less than the plaintiff would be entitled to as statutory damages and would not provide the necessary deterrence. The range for statutory damages for this alleged violation is not less than $1,000.00 and not more than $10,000.00. For the reasons set forth above, the undersigned recommends a finding that plaintiff is entitled to statutory damages against the defendant in the amount of $2,000.00.

**Enhanced Damages for Willfulness**

If the court finds that the violation was willful and for "purposes of direct or indirect commercial advantage or private financial gain" the court may increase the amount of actual or statutory damages by an amount of not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's complaint sought enhanced damages for willfulness in the amount of $100,000.00; however, in moving for a default judgment, plaintiff expressly leaves the amount of enhanced damages to the court's discretion.

Courts have evaluated whether enhanced damages are appropriate by assessing factors such as "repeated violations over an extended period of time; substantial unlawful monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; [and] defendant's charging a cover charge or charging premiums for food and drinks." *Kingvision Pay-Per-View Ltd. v. Villalobos*, 554 F.Supp.2d 375, 383 (E.D. N.Y. 2008).

Plaintiff argues that signal piracy is *per se* intentional because it cannot occur without the willful and intentional modification of electronic equipment, the removal of devices designed to

prevent unauthorized exhibition, or other willful acts. (Jacobs Affid. ¶ 13). Plaintiff states that it has lost several millions of dollars due to signal piracy, and the widespread nature of the piracy problem has resulted in higher costs of services to lawful commercial and residential cable and satellite consumers. (Jacobs Affid. ¶ 11). Plaintiff urges the court to consider enhanced damages as a means of deterring future illegal acts and combatting the "widespread piracy problem." (Docket no. 11 at 3).

It is clear that defendant's violation of Section 605, taking place in a commercial establishment rather than a residence, was committed for purposes of direct or indirect commercial advantage and the pleadings make clear that such interception cannot be done accidentally or innocently. An award of some enhanced damages is therefore appropriate as a deterrent. However, the maximum allowable enhanced damages award is inappropriate when the evidence before the court suggests that defendant's commercial gain resulting from the unauthorized broadcast was likely nominal. There were at most 15 patrons in the El Paraiso Restaurant at the time of the unauthorized broadcast. Plaintiff has not provided any evidence of repeated violations, nor has plaintiff shown that defendant advertised the unauthorized broadcast. Further, plaintiff's investigator did not pay a cover charge to enter the El Paraiso Restaurant and there is no evidence that defendants charged a premium for food or drink.

The undersigned finds that defendant's actions were taken willfully and for direct or indirect commercial advantage and that plaintiff is thus entitled to enhanced damages in the amount of $2,000.00. The combination of $2,000.00 in statutory damages and $2,000.00 in enhanced damages both compensates plaintiff and serves as a deterrent to future signal piracy by defendant and others.

**Fees and Costs**

Plaintiff seeks to recover attorneys' fees in the amount of $2,856.00 and costs in the amount of $363.12. (Bucci Decl. ¶ 13). In support of this request, plaintiff submits a declaration of M. Scott Bucci detailing the work done, hours expended, and the total amount due. (Docket no. 11-1). Mr. Bucci's declaration provides sufficient information to support the hourly rates charged for the personnel working on this matter given their level of experience and current market rates in the area. *Id.* In addition to a request for attorneys' fees, plaintiff seeks $363.12 in costs representing the $350.00 filing fee, $11.00 in service of process fees, and $2.12 for postage. (Docket no. 11-1).

The undersigned has reviewed the fees and costs requested by the plaintiff and finds that the requested fees and costs are reasonable compensation for the time expended to vindicate plaintiff's rights and recommends an award of $3,219.12 ($2,856.00 for attorneys' fees and $363.12 for costs).

## Conclusion

For these reasons the undersigned recommends that a default judgment be entered in favor of Integrated Sports Media, Inc. against Buruca Brother's Virginia, Inc., on plaintiff's second claim for relief under 47 U.S.C. § 605 in the amount of **$7,219.12** representing statutory damages in the amount of $2,000.00, enhanced damages in the amount of $2,000.00, and attorneys' fees and costs in the amount of $3,219.12.

## Notice

By means of the court's electronic filing system and by mailing a copy of these proposed findings of fact and recommendations to Richard M. Alvey, Registered Agent for Buruca Brother's Virginia, Inc., 13754 Jefferson Davis Highway, Woodbridge, Virginia, 22191, the parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and any judgment or decision based on these proposed findings of fact and recommendations.

ENTERED this 1st day of November, 2011.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia